IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


DEXTER R. HOLMES                                                                                     PLAINTIFF

V.                                                                                          NO. 1:11CV094-M-A

L.M. CLAIRBORNE, et al.                                                                            DEFENDANTS


**MEMORANDUM OPINION**

This matter is before the court *sua sponte* for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, who is currently incarcerated, filed this complaint pursuant to 42 U.S.C. § 1983. He complains that he has been illegally searched and arrested. Specifically, on March 28, 2011, law enforcement searched the home of the Plaintiff's girlfriend. The Plaintiff argues the search inexplicably violated his rights. The search of the home led to the stop and search of an automobile in which the Plaintiff was a passenger. Officers recovered drugs in the automobile. The female driver allegedly gave a statement which implicated the Plaintiff and he was arrested. Again, the Plaintiff claims that the search of the vehicle and his eventual arrest violated his rights because he was simply a passenger.

The Plaintiff is seeking monetary damages for these perceived constitutional violations and asks that the criminal charges be dropped. After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this court has come to the following conclusion.

**Standing**

Before maintaining a claim for damages based on a illegal search, a plaintiff must establish he has standing to challenge the search. First, the Plaintiff argues that the search of the girlfriend's home was illegal. Based on the facts as stated by the Plaintiff, however, he has failed to allege any facts which might demonstrate he has standing to challenge the search of the home. *See United*

*States v. Ibarra*, 948 F.2d 903, 906 (5th Cir. 1991). For this reason alone, his claim based on an illegal search of the residence would fail.

Next, the Plaintiff claims that the subsequent search of the automobile was also illegal. Again, the Plaintiff does not allege facts sufficient to demonstrate he has standing to challenge the search. *See United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003) (a passenger lacks standing to challenge the search of a car). Rather, he seems to suggest that by virtue of being a passenger in the vehicle he could not be arrested for drugs found therein. The Plaintiff misunderstands the law.

Possession of an object may be actual or constructive. *United States v. Pigrum*, 922 F.2d 249, 255 (5th Cir. 1991). Constructive possession is "the knowing exercise of, or knowing power or right to exercise, dominion and control over" the contraband. *Id.* at 255. Stated differently, "constructive possession is the ability to reduce an object to actual possession." *Id.* Possession can be exclusive or shared. *United States v. DeLeon*, 641 F.2d 330, 335 (5th Cir. 1981).

In the simplest terms, the drugs found in the car could have been possessed by either the Plaintiff or the driver or by both simultaneously. That possession could have been, and was likely, constructive or could have been actual. The Plaintiff's status as a passenger does not lessen the likelihood that he may have "possessed" drugs found in the automobile.

Succinctly stated, the Plaintiff lacks standing to challenge the search of the home or the car. Any claim for damages based on these allegations would fail as a matter of law. Therefore, to the extent any claim would have survived *Heck*–as discussed below– the facts fail to state a claim upon which relief may be granted.[1]

---

[1] The Plaintiff filed a motion to amend his complaint in which he proposes to add an additional party as a plaintiff. For several reasons, this motion to amend shall be denied. First, the Plaintiff has no standing to assert rights of third parties. *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 967, 704 (5th Cir. 1991). Secondly, the court does not allow multiple plaintiffs in cases with inmates or detainees.

## *Heck v. Humphrey*

In the alternative, the court would find the Plaintiff claims are premature under *Heck*. *See Brown v. Sudduth*, No. 05-61068, 2007 WL 3283777 at **2-5 (5th Cir. No. 7, 2007) (an unlawful arrest does not necessarily imply the invalidity of an underlying conviction).

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

The Plaintiff must first obtain habeas corpus relief before bringing suit pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id.* at 489-91. Rather, the proper method to challenge the validity of a conviction is to apply for federal habeas relief. *Braden v. 30th Judicial Cir. Ct. of KY*, 410 U.S. 484, 488-89, 93 S. Ct. 1123, 1126, 35 L. Ed. 2d 443 (1973); *Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir. 1985).

Here, however, the Plaintiff has not been convicted of a crime but has only been arrested and detained. Several Circuits have held that *Heck* also bars a "damage claim which, if successful would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8 (7th Cir. 2001); *Smith v. Holtz*,

87 F.3d 108, 110 (3rd Cir. 1996). The Fifth Circuit has reasoned that prior to a conviction, such as here where there is only an arrest, *Heck* does not necessarily bar a claim for damages. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Rather, prior to a conviction or acquittal, a 1983 is premature and in such circumstances the matter should be stayed pending the resolution of the underlying criminal case. *Id.* at 746.

Since the Plaintiff has not been convicted or acquitted of the state charges, the 1983 claim is, thus, premature. Accordingly, under the law in this Circuit the matter should be stayed until such time as the criminal charges have been resolved. Instead of cluttering the docket with an inactive case, this court prefers to dismiss the matter without prejudice to the Plaintiff's right to raise a 1983 claim arising out of the same criminal charge once a final disposition has been reached.

A final judgment in accordance with this opinion will be entered.

THIS the 2nd day of August, 2011.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**